IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ANDRE L. STEWART, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 6:26-cv-03042-MDH |
| JERRY A. HARMISON, JR et al., | ) |
| Defendants. | ) |

**ORDER**

    Before the Court is Plaintiff Andre L. Stewart's *Pro Se* Motion for Leave to Proceed *In Forma Pauperis.* (Doc. 1). Plaintiff has also attached his Application to Proceed Without Prepaying Fees or Costs in support. *Id*. Plaintiff wishes to proceed *in forma pauperis* against Defendants the Honorable Jerry A Harmison Jr in both his individual and official capacity as a Circuit Judge of the 31st Judicial Circuit in Greene County, Missouri; the Missouri Office of Administration – Risk Management Division and Greene County, Missouri. Plaintiff is currently a defendant in the 31st Judicial Circuit in Greene County, Missouri in *State of Missouri v. Andre L. Stewart*, Case No. 2231-CR04835-01 on charges of a DWI and leaving the scene of an accident – property damage exceeding $1,000. *See State of Missouri v. Andre L. Stewart*, Case No. 2231-CR04835-01. Plaintiff alleges that in the state criminal proceeding he was allowed to attend a hearing via WebEx, did so, and was cited as failing to appear in person in which a bench warrant was ordered; the state court failing to recognize his *pro se* status; the state court refusing to docket and consider Plaintiff's *pro se* motions; the state court entering docket orders without hearing or justification; and the Missouri Office of Admission – Risk Management Division stating "no records responsive to your request exist" regarding public official bond records. (Doc. 1-2).

1

Plaintiff seeks declaratory, prospective injunctive relief, nominal damages, and costs associated with this lawsuit. Also before the Court is Plaintiff's *Pro Se* Emergency Motion for Temporary Restraining Order ("TRO") and/or Prelimianry Injunction. (Doc. 2). The Court will take each motion in turn.

I.  **Motion for Leave to Proceed *In Forma Pauperis***

"Under 28 U.S.C. § 1915, the decision whether to grant or deny *in forma pauperis* status is within the sound discretion of the trial court." *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). The Court is also required to conduct a review of Plaintiff's Complaint to be filed *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that …. (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Here, Plaintiff's financial condition and status may well qualify him to proceed *in forma pauperis*. However, before Plaintiff may proceed, the Court must preliminarily consider the allegations of the Complaint under the three-prong test. Plaintiff's Proposed Complaint alleges four counts against Defendants: Count I – 42 U.S.C. § 1983 Violation of Procedural Due Process; Count II – 42 U.S.C. § 1983 Violation of Right of Self-Representation; Count III – 42 U.S.C. § 1983 Violation of First Amendment Right to Petition and Access to Courts; and Count IV – Mo. Rev. Stat. § 483.075 Missouri Sunshine Law.

The Court finds that Plaintiff's Proposed Complaint fails to state a claim on which relief may be granted. Pursuant to U.S.C. § 1915(e)(2)(B) this Court must deny Plaintiff's *Pro Se* Motion for Leave to Proceed *In Forma Pauperis*. Plaintiff states that he "does not ask this Court to

intervene in or enjoin the underlying state prosecution". (Doc. 1-2). However, Plaintiff specifically asks this Court to intervene in his ongoing state judicial process by requesting the following relief:

> **Declaratory Relief** – A declaration that Defendants' ongoing refusal to recognize Plaintiff's *pro se* status, to docket and consider his filings, and to honor the court-authorized Webex appearance deprives Plaintiff of rights secured by the **First, Sixth, and Fourteenth Amendments** to the United States Constitution.
>
> **Prospective Injunctive Relief** – An order requiring that:
>
> a. The Circuit Court of Greene County recognize Plaintiff's *pro se* status, or in the alternative, conduct a proper **Faretta** hearing and make findings before denying such status;
>
> b. The Court accept, docket, and consider all motions and filings submitted by Plaintiff in his own name; and
>
> c. The Court adhere to its own Webex or other remote-appearance authorization or, in the alterative, provide a **meaningful opportunity to be heard** by reasonable alternative means consistent with due process.

(Doc. 1-2, page 14).

These claims are barred under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* requires federal courts to abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests and affords an adequate opportunity to raise the federal questions presented, absent extraordinary circumstance where the danger of irreparable injury to the federal plaintiff is both great and immediate. *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)). Plaintiff alleges that:

> As of the filing of this Complaint, **the bench warrant remains active**, exposing Plaintiff to immediate arrest and incarceration despite his good-faith efforts to appear, comply and resolve the matter. The continuing existence of the warrant, coupled with the trial court's refusal to recognize Plaintiff's *pro se* status or docket his filings, has **chilled his ability to petition the court, denied access to due process,** and **placed him under imminent threat of loss of liberty**.

3

(Doc. 1-2, ¶¶ 10-11). However, in review of the docket for *State of Missouri v. Andre L. Stewart*, Case No. 2231-CR04835-01 the state court is docketing his filings and dismissing them. The state court has ruled on Plaintiff's *pro se* motions that the "Court is in receipt of a pro se motion. The Court finds defendant is not pro se. Defendant is represented by counsel. As such, the Court takes no action on the improperly filed motion." *Id.* This Court also notes that while Plaintiff has attempted to dismiss his attorney of record through a *Pro Se* Notice of Immediate Termination of Counsel, it was not granted and Plaintiff continues to be represented by counsel in his underlying state court case. *Id.* With Plaintiff being represented by counsel in the underlying state case, the Court finds there are no extraordinary circumstances that would warrant a deviation from *Younger*. The Court further finds Plaintiff can raise his federal questions presented within his ongoing state judicial proceeding and thus *Younger* abstention is warranted. For the reasons stated, Plaintiff's *Pro Se* Motion for Leave to Proceed *In Forma Pauperis* is **DENIED**.

**II.     Emergency Motion for TRO and/or Preliminary Injunction**

As the Court has denied Plaintiff's *Pro Se* Motion for Leave to Proceed *In Forma Pauperis*, the Court concludes that Plaintiff's *Pro Se* Emergency Motion for TRO and/or Prelimianry Injunction is **FOUND AS MOOT**.

## CONCLUSION

For the reasons stated above, Plaintiff's *Pro Se* Motion for Leave to Proceed *In Forma Pauperis* is **DENIED** and Plaintiff's *Pro Se* Emergency Motion for TRO and/or Prelimianry Injunction is **FOUND AS MOOT**.

**IT IS SO ORDERED.**

Date:  January 29, 2026

                                                                  */s/ Douglas Harpool*
                                                                  **DOUGLAS HARPOOL**
                                                                  **UNITED STATES DISTRICT JUDGE**